UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE,**<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>**MERRICK GARLAND,** *in his official capacity as U.S. Attorney General*, **and JOHN SMITH,** *individually*,<br><br>　　　　　　　　Defendant. | 2:23-CV-10053-TGB-JJCG<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE REQUEST TO PROCEED UNDER THE PSEUDONYM JANE DOE**<br><br>**(ECF NO. 4)** |

　　　Plaintiff, a former employee of the Federal Bureau of Investigation, asks to proceed in this litigation using a pseudonym rather than her real name. Plaintiff brings this lawsuit against the Bureau, asserting that she was subjected to discrimination and retaliation during her employment in violation of her rights under Title VII of the Civil Rights Act of 1964. She also raises several state-law claims, including claims of sexual assault, against one of her former superior officers. For the reasons below, her request will be **GRANTED**, subject to further consideration as the case progresses.

　　　**I.　　LEGAL STANDARD**

　　　The right of public access to judicial records is presumed, *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), and litigating under a pseudonym is generally disfavored.

*See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). A party who wants to overcome this presumption of openness carries a heavy burden. *Shane Group, Inc.*, 825 F.3d at 305. In limited circumstances, a court may allow a party to use a pseudonym if it concludes that a plaintiff's "privacy interests substantially outweigh the presumption of open judicial proceedings." *See Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

Factors that guide Court's discretion in these circumstances include: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will require the plaintiff to disclose information "of the utmost intimacy;" (3) whether the litigation will subject the plaintiff to the risk of criminal prosecution; and (4) the plaintiff's age. *Id.* (internal quotations omitted); *see also In re Sealed Case*, 971 F.3d 324, 326-27 (D.C. Cir. 2020). These factors serve only as a starting point. The Court's inquiry is flexible and fact driven; it may not simply engage in a "wooden exercise" of ticking the boxes. *In re Sealed Case*, 931 F.3d 92, 97 (D.C. Cir. 2019).

If the Court concludes there are compelling reasons to seal a record, or a portion of a record, it must set forth specific findings and conclusions justifying the nondisclosure to the public. *Shane Group, Inc.*, 825 F.3d at 306. The seal must be narrowly tailored to serve those reasons. *Id.*

## II. DISCUSSION

Plaintiff asks to file her complaint under seal and proceed under a pseudonym, asserting that the nature of her allegations will require her to disclose deeply personal and sensitive information that could subject her to humiliation, ridicule, harassment, and even physical harm. (ECF No. 4, PageID.61-62.) If this request is granted, Plaintiff proposes to submit a redacted version of the complaint for filing on the public docket. Plaintiff also requests that the individual officer named as a defendant be referenced in this litigation as "John Smith." (*Id.* at PageID.62.) In view of the officer's reputation, Plaintiff contends that preserving his anonymity is essential to protecting her own.

Having reviewed the allegations in Plaintiff's unredacted complaint, the Court is persuaded that, at least in this early stage of litigation, Plaintiff has met her burden to show that her privacy interests substantially outweigh the public's presumptive and significant interest in knowing who is using its courts.

*First*, the Court finds that Plaintiff is proceeding in part against the Federal Bureau of Investigation, a governmental body that does not "share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *Doe v. Cabrera*, 307 F.R.D. 1, 8 (D.D.C. Sept. 10, 2014) (internal citations omitted). Suing a government agency often cuts against anonymity, as the public has an interest in knowing about suits against the government, *see Doe v. Public*

3

*Citizen*, 749 F.3d 246, 274 (4th Cir. 2014), and the Court is also aware that Plaintiff is a former federal employee whose name is not unknown. But Plaintiff has alleged specific instances of discrimination, harassment, humiliation, and retaliation that have not been previously publicized, and information about her place of residence is not public knowledge. *Cf. Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. Jan. 22, 1996) (declining to afford plaintiff anonymity where media was aware of her name, residence, and employment for some time). Additionally, because Plaintiff apparently seeks to vindicate only her own rights rather than to alter public law and policy, the Court finds that—at least in the initial stage of this litigation—the public interest in knowing the details of these proceedings is not outweighed by her privacy interests. *Cf. In re Sealed Case*, 971 F.3d at 329 (recognizing that the public interest is intensified when "the party asking to proceed anonymously seeks to alter the operation of public law and, by virtue of the legal arguments presented, to other parties going forward").

*Second*, Plaintiff's complaint concerns allegations of sexual assault, which the Court finds unquestionably to be a matter of "utmost intimacy." *Porter*, 370 F.3d at 560 (internal citations omitted); *see also K.S. v. Detroit Public Schools*, No. 14-12214, 2015 WL 13358204, at *2 (E.D. Mich. July 22, 2015) (Lawson, J.) (noting that "matters of sex, sexual identity, and the related social taboos" are especially private). Courts have recognized sexual assault victims as paradigmatic examples

4

of persons who ought to be entitled to grants of anonymity. *See Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio Feb. 25, 2021); *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of … rape victims."); *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. Nov. 3, 2006) ("[T]he public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes."); *but see Shakur*, 164 F.R.D. at 361-62 (recognizing that not all victims of sexual assault have been allowed to proceed anonymously).

Plaintiff points to other reasons for protecting her identity in addition to the stigma and humiliation associated with sexual assault— namely, her concerns that publicizing her status as a sexual assault victim would "invite a reaction within her community equivalent to the infamy associated with criminal behavior" and could present "a very real risk" of grave physical injury for her. (ECF No. 4, PageID.62.) While Plaintiff has not received specific threats from members of her community, the details provided in her unredacted complaint about her background and the nature of her allegations support a finding that her concerns of such risks are reasonable. *See, e.g., Doe v. City of Detroit*, No. 18-CV-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (Lawson, J.) (finding that transgender employee's fear of violence if her identity was publicized was justified even absent evidence of specific

5

threats and harassment). And a decision to make public her private information cannot be unwound.

The Court has additionally considered whether allowing Plaintiff to proceed under a pseudonym would prejudice the defendants. The Court concludes that it would not. *See Porter*, 370 F.3d at 561. Plaintiff's identity is already known to the defendants. Indeed, she has previously brought this suit under a pseudonym in a district court in another state, where it was dismissed without prejudice after extensive motion practice. In that litigation, the court also permitted Plaintiff to file a redacted complaint, and the parties' ability to litigate the case does not appear to have been substantially impaired even though pseudonyms were allowed.[1] Having reviewed that pleading, the Court concludes that any concerns relating to defendants' ability to make full discovery in this case can be resolved through a protective order barring disclosures to persons beyond defendants' counsel of record. *Id.*

Plaintiff's tandem request to preserve the anonymity of the Defendant individual officer she sues is unusual. Nevertheless, the details provided in the complaint raise a reasonable possibility that

---

[1] Plaintiff provided the case number of her prior lawsuit in her unredacted complaint. While certain information about that lawsuit is publicly available, litigating her case in a different state may create new privacy concerns. Accordingly, the Court has chosen to omit details of that litigation from this order in the interest of minimizing the risk that she may be identified through information disclosed on that docket that has not yet been published here.

curious individuals would be able to deduce Plaintiff's identity based on the revelation of his name. And keeping the Defendant's name non-public would alleviate the concern some courts have articulated in declining to afford anonymity to sexual assault victims—namely, that an alleged abuser "would be placed at a serious disadvantage" by being "required to defend himself publicly while plaintiff could make her accusations from behind a cloak of anonymity." *See, e.g., Shakur*, 164 F.R.D. at 361. The Court finds that permitting the Defendant officer to proceed anonymously should not impair his ability to defend his case because, as Plaintiff notes, he already knows who the Plaintiff is, and he will have the ability to confront her about her allegations should this case go to trial. (ECF No. 4, PageID.63.) Moreover, the Defendant officer may request that his full name be revealed later in the proceedings should he wish to do so, and the Court will consider it.

### III. CONCLUSION

For the reasons above, it is hereby **ORDERED** that Plaintiff's Motion to Proceed Under a Pseudonym is **GRANTED**. Until further order of the Court, this case will proceed using the pseudonyms "Jane Doe" for Plaintiff and "John Smith" for the individual defendant. The Clerk's Office shall provide Plaintiff with a copy of this order to serve on Defendants.

It is further **ORDERED** that this case shall proceed under partial seal. The Clerk is directed to unseal the case, but it is **ORDERED** that

Plaintiff's unredacted complaint (ECF No. 1), as well as her motion to proceed under a pseudonym and the accompanying exhibits (ECF No. 4), shall remain under seal in light of the sensitive and identifying information contained therein.

It is further **ORDERED** that Plaintiff shall confer with her counsel regarding the scope of appropriate redactions from the sealed complaint and, within 30 days of entry of this order, shall file a redacted version on the public docket.

It is further **ORDERED** that Defendants are prohibited from publicly disclosing Plaintiff's identity or any personal information that could lead to the identification of Plaintiff by nonparties. And likewise, Plaintiff is **ORDERED** not to disclose the individual Defendant officer's identity or any personal information that could lead to the identification of the individual Defendant officer by nonparties. The parties shall proceed by seeking leave of the Court to file any documents containing sensitive information that could lead to identification of Jane Doe or John Smith under seal until further order.

**IT IS SO ORDERED**, this 8th day of February, 2023.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge