# EXHIBIT A

# REDACTED VERSION OF DOCUMENT TO BE SEALED PURSUANT TO LR 5.3(b)(3)(A)(v)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

    Plaintiff,                              Civil No. 23-10053

v.                                         Honorable Terrence G. Berg

UNITED STATES OF AMERICA,
et al.,

    Defendants.

## Reply in Support of
## Federal Defendants' Motion to Dismiss

## **TABLE OF CONTENTS**

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... iii

   I.   Plaintiff concedes that she is not bringing any tort claims against the United States for conduct within the scope of Smith's employment. .......................... 1

   II.   Plaintiff is not entitled to tolling of Title VII's 90-day limitations period. ..... 1

   III.   Any Title VII claims arising before ███████████, are time barred. ......... 3

   IV.   Plaintiff fails to state plausible claims for discrimination and retaliation relating to her termination. ................................................................................ 6

CONCLUSION ........................................................................................................ 7

CERTIFICATION OF SERVICE ............................................................................ 8

# **INDEX OF AUTHORITIES**

**Cases**

*Am. Postal Workers Union Columbus Area Loc. AFL-CIO v. U.S. Postal Serv.*, 736 F.2d 317 (6th Cir. 1984) ................................................................................5

*Amini v. Oberlin Coll.*, 259 F.3d 493 (6th Cir. 2001) ..................................................1

*Johnson v. Ry. Express Agency, Inc.*, 489 F.2d 525 (6th Cir. 1973) .........................3

*Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002) ..................................5

*Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450 (6th Cir. 2009) ..........................3

*Wilson v. Grumman Corp.*, 815 F.2d 26 (6th Cir. 1987) .......................................2, 3

*Zappone v. United States*, 870 F.3d 551 (6th Cir. 2017) ..........................................2

**Statutes**

42 U.S.C. § 2000e-16(c) .................................................................................1

iii

**I.     Plaintiff concedes that she is not bringing any tort claims against the United States for conduct within the scope of Smith's employment.**

The United States has been substituted as a defendant only to the extent that Plaintiff's state law tort claims are supported by alleged conduct that the Attorney General's designee has certified as being within the scope of Defendant Smith's federal employment. (ECF No. 25, PageID.357–359.) Plaintiff concedes that her tort claims are not based upon any of the certified conduct. (ECF No. 40, PageID.756 (noting that "[t]hese are not the actions giving rise to Plaintiff's claims").) By her own admission, then, Plaintiff is not pursuing any FTCA claims against the United States. She is only pursuing tort claims against Smith individually for alleged conduct taken outside the scope of his employment. Accordingly, the United States should be dismissed as a defendant.

**II.    Plaintiff is not entitled to tolling of Title VII's 90-day limitations period.**

Plaintiff admits that she did not file this action within 90 days of final agency action on either of her EEO complaints, as required by 42 U.S.C. § 2000e-16(c). (ECF No. 40, PageID.751–752.) She also admits that she knew about the applicable filing deadlines. (*Id.*, PageID.760.) Nonetheless, she maintains that she is entitled to equitable tolling of the statutory limitations period. But "equitable tolling relief should be granted only sparingly," *Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001), and it is not appropriate here.

Plaintiff argues that she "diligently pursued her rights" in her original

1

lawsuit and that she only filed this action after the court "determined that it lacked supplemental or diversity jurisdiction over [her] tort claims against Defendant Smith." (ECF No. 40, PageID.761.) That is not accurate. After the court dismissed Plaintiff's tort claims against Smith on jurisdictional grounds, she continued to pursue her Title VII claims by filing a fourth amended complaint. (ECF No. 28, PageID.549.) Plaintiff then failed to respond to the Attorney General's motion to dismiss. (*Id.*) It was only after the court granted the Attorney General's motion to dismiss as conceded and dismissed Plaintiff's fourth amended complaint that Plaintiff chose to go forum shopping and re-file her complaint in this Court. Her failure to plead a legally sufficient cause of action in the original case—after nearly two years and multiple opportunities to do so—is not a "circumstance[ ] beyond [her] control" warranting the rare application of equitable tolling. *Zappone v. United States*, 870 F.3d 551, 556 (6th Cir. 2017). And instead of showing that Plaintiff was diligent in pursuing her rights, it proves the opposite.

Plaintiff also argues that her complaint is timely because she filed it in this Court within 30 days of the ▇▇▇▇ dismissal without prejudice. (ECF No. 40, PageID.761–762.) This argument ignores binding law. In *Wilson v. Grumman Ohio Corp.*, the Sixth Circuit made clear that "the filing of a complaint which is later dismissed without prejudice does not toll the statutory filing period of Title VII." 815 F.2d 26, 28 (6th Cir. 1987); *see also Rice v. Jefferson Pilot Fin. Ins. Co.*,

2

578 F.3d 450, 457 (6th Cir. 2009) ("We have consistently held . . . that a dismissal of a suit without prejudice usually does not toll the statute of limitations.").

Plaintiff cites *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525 (6th Cir. 1973), for the proposition that she had 30 days after dismissal of the original action to re-file her complaint. (ECF No. 40, PageID.761.) But the Sixth Circuit in *Wilson* expressly considered and rejected *Johnson*. Indeed, the court observed that much of *Johnson*'s language did not support tolling the limitations period at all, and regardless, the *Johnson* court never reached the issue. *Wilson*, 815 F.2d at 27–28. Accordingly, *Johnson* has no bearing here.

Because there are no grounds to toll the statutory 90-day period to file suit, all of Plaintiff's Title VII claims against the Attorney General are time barred.

### III.   Any Title VII claims arising before ███████████, are time barred.

In addition to Plaintiff's failure to satisfy the 90-day limitations period, her hostile work environment claim is untimely because she did not contact an EEO counselor within 45 days of any alleged harassment. (ECF No. 28, PageID.561–566.) The district court in Plaintiff's original action already reached this conclusion, and Plaintiff is precluded from relitigating the same issue in this case.

Plaintiff first attempts to avoid application of issue preclusion by arguing that the district court never addressed the timeliness of her hostile work environment claim. She argues that the court dismissed any "disparate treatment"

3

claims accruing before ▮▮▮▮▮▮, but "made no such findings with respect to [her] ▮▮▮▮▮▮▮▮▮▮ claims." (ECF No. 40, PageID.762.) This argument fails because Plaintiff's hostile work environment claim was clearly encompassed within her Title VII disparate treatment claim.

In its memorandum opinion, the court distinguished Plaintiff's "disparate-treatment" claim from her "disparate-impact" claim. (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮) This was consistent with Plaintiff's third amended complaint, which grouped her disparate treatment and hostile work environment claims together in the same claim for relief, along with a separate disparate impact claim. (*Id.*, ▮▮▮▮▮▮.) Moreover, to the extent there was any ambiguity in the court's description of Plaintiff's claims, the court ultimately made clear that "*any* claims accruing before January 26, 2018, are facially time-barred," and that Plaintiff "failed to timely exhaust *any* Title VII claims accruing before January 26, 2018." (*Id.*, ▮▮▮▮▮▮ (emphasis added).)

Plaintiff's argument also does not make any sense, because she never alleged a disparate treatment claim arising before ▮▮▮▮▮▮. The only discrete adverse employment actions occurred on or after ▮▮▮▮▮▮—such as Plaintiff's proposed termination on ▮▮▮▮▮▮, her suspension in ▮▮▮▮ her termination in ▮▮▮▮▮▮, and the decision to uphold her termination in ▮▮▮▮▮▮. (Compl. ¶¶ 83, 90, ECF No. 1, PageID.20–21, 23.)

4

Plaintiff has not identified any adverse action occurring before ███████. Thus, when the court dismissed any claims accruing before ███████, that could only mean one thing: Plaintiff's hostile work environment claim.

Plaintiff also suggests that issue preclusion should not apply when a suit is dismissed without prejudice. (ECF No. 40, PageID.762.) But all that is required is "a final decision with respect to the issue to be given preclusive effect." *Am. Postal Workers Union Columbus Area Loc. AFL-CIO v. U.S. Postal Serv.*, 736 F.2d 317, 319 (6th Cir. 1984). Here, Plaintiff cannot relitigate the timeliness of her hostile environment claim because another court already determined that it was untimely.

Regardless, it is undisputed that Smith retired from the FBI—and any hostile work environment ended—in ███ years before Plaintiff contacted an EEO counselor. Plaintiff argues that "████████████████████████████████████████████████████████████ culminated in adverse actions." (ECF No. 40, PageID.764.) Yet the claim that ████████████████ several years earlier somehow "culminated" in her proposed termination on ████████ ███, cannot revive her untimely hostile work environment claim.

As explained in the government's opening brief, at least one act constituting the hostile work environment must fall within the 45-day limitations period. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 122 (2002). Here, Plaintiff's termination is a discrete adverse employment action that cannot contribute to a

5

hostile work environment claim. *See id.* at 114–15 (noting that hostile environment claims are "different in kind from discrete acts" such as termination). Thus, the fact that she contacted an EEO counselor within 45 days of her proposed termination does not render her hostile environment claim timely.

### IV. Plaintiff fails to state plausible claims for discrimination and retaliation relating to her termination.

Plaintiff freely admits that she lied under oath during the OIG investigation into the nature of her relationship with Defendant Smith. (ECF No. 40, PageID.765.) This lack of candor was the basis for her termination. She fails to allege facts to support her assertion that the FBI's Office of Professional Responsibility or the Disciplinary Review Board were motivated by unlawful discrimination or retaliation—as opposed to Plaintiff's own admitted misconduct—when they made the decision to terminate her employment.

Plaintiff also claims that she lied to OIG by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*Id.*) In other words, she contends she only lacked candor by ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. (*Id.*, PageID.766.) Yet this allegation does not appear anywhere in the complaint. Nor does Plaintiff allege that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was the basis for the FBI's finding that she lacked candor—as opposed to the FBI's determination that Plaintiff was not truthful about the nature and dates of her relationship with Smith. Plaintiff cannot state a valid

6

claim by asserting facts that she failed to plead in her own complaint.

Finally, Plaintiff twists the arguments even further, contending that the government does not dispute her allegations of ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇. (*Id.*) This argument is not only false, but also wildly premature. The federal defendants have not answered the complaint. They have no obligation to admit or deny Plaintiff's factual allegations at this stage. Nor have they effectively admitted those allegations by maintaining that Plaintiff was terminated for her lack of candor under oath—not her membership in a protected class or her prior EEO activity. Because Plaintiff fails to plead facts giving rise to an inference that her termination was the product of discrimination or retaliation, any Title VII claims relating to her termination should be dismissed.

## **CONCLUSION**

For these reasons, the Court should dismiss Plaintiff's claims against the United States and the Attorney General.

Respectfully Submitted,

**Dawn N. Ison**
United States Attorney

 */s/ Brittany D. Parling*
**Brittany D. Parling** (P78870)
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9746
Brittany.Parling@usdoj.gov

Dated: October 26, 2023

7

## CERTIFICATION OF SERVICE

I hereby certify that on October 26, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record. I further certify that I sent copies of all sealed documents to counsel of record by electronic mail.

                                              */s/ Brittany D. Parling*
                                              **Brittany D. Parling** (P78870)
                                              Assistant United States Attorney
                                              211 W. Fort Street, Suite 2001
                                              Detroit, Michigan 48226
                                              (313) 226-9746
                                              Brittany.Parling@usdoj.gov