UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **JANE DOE,**<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>**U.S. ATTORNEY GENERAL, JOHN SMITH, and UNITED STATES OF AMERICA,**<br><br>　　　　　Defendants. | **2:23-CV-10053-TGB-JJCG**<br><br>**ORDER DENYING MOTIONS FOR EXTENSION OF TIME (ECF NOS. 32 & 34);**<br><br>**DENYING MOTION TO DISMISS FOR LACK OF PROSECUTION (ECF NO. 37);**<br><br>**AND GRANTING MS. BRAULT'S MOTION TO WITHDRAW (ECF NO. 38)** |

　　　Now before the Court are Jane Doe's Motions for Extension of Time (ECF Nos. 32 & 34), John Smith's Motion to Dismiss for Failure to Prosecute (ECF No. 37), and a Motion to Withdraw from Representation (ECF No. 38) filed by Jane Doe's local counsel, Ms. Darcie Brault.

　　　For the reasons below, the Motions for Extensions will be **DENIED AS MOOT**. The Motion to Dismiss will be **DENIED**, and Ms. Brault's Motion to Withdraw will be **GRANTED.**

　　　**I.　BACKGROUND**

　　　Jane Doe has been granted leave to proceed in this litigation under a pseudonym.

　　　On January 9, 2023, she filed a complaint in this District against the U.S. Attorney General and John Smith, her former supervisor who is also proceeding under a pseudonym, relating to her former

1

employment at the Federal Bureau of Investigation. Her lawsuit is a continuation of a case she filed in another district but that was dismissed without prejudice for, among other things, lack of subject-matter jurisdiction over the claims against John Smith.

On April 19, 2023, John Smith responded with a Motion to Dismiss, asserting several grounds for dismissal under Federal Rule of Civil Procedure 12(b). ECF No. 14. Under Local Rule 7.1(e)(2)(A), Jane Doe's response was due by May 10, 2023. Before this deadline elapsed, Jane Doe sought an extension, explaining that Mr. David Shaffer, the lead attorney on her case, was experiencing serious medical issues and his office was short-staffed. ECF No. 16. This request was unopposed, so the Court granted it, Text-Only Order of May 9, 2023, and Jane Doe filed a timely response. ECF No. 19 & 20. John Smith's Motion to Dismiss under Rule 12(b) remains pending.

Jane Doe was not the only party to seek an extension; the U.S. Attorney General also sought one, which the Court granted. On June 21, 2023, after filing a notice of partial substitution for John Smith insofar as the complaint alleged actions by him taken within the scope of his employment, the U.S. Attorney General filed his own Motion to Dismiss, asserting grounds for dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF Nos. 28 & 29. Jane Doe's response to this motion was due by July 12, 2023.

Before the July 12, 2023 deadline elapsed, on July 9, Jane Doe asked for an extension of time. ECF No. 32. In this request, she noted that it was unopposed, and she explained that Mr. Shaffer's health had worsened to the point that he was intending to withdraw from the representation. She asked for 30 days to find a new lawyer and observed that substitute counsel would need to be brought up to speed on the history of the litigation.

The Court did not immediately resolve this request. So, on August 9, Jane Doe filed an amended request for an extension, seeking an additional 30 days to respond to the U.S. Attorney General's motion. ECF No. 34. She asserted that she had secured new counsel, but that new counsel needed time to apply for admission to this Court and to prepare a response to the U.S. Attorney General's motion. She noted that the U.S. Attorney General had no objections to the requested extension but that John Smith did. John Smith filed an opposition to the request on that same day. ECF No. 35.

On September 8, 2023, Jane Doe's new lawyer, Debra D'Agostino filed a notice of appearance. ECF No. 36. A week later, on September 13, John Smith moved to dismiss the case for lack of prosecution. ECF No. 37. Meanwhile, Jane Doe's local counsel, Ms. Darcie Brault, moved to withdraw. ECF No. 38. Jane Doe's response to the U.S. Attorney General's Motion to Dismiss was filed on October 5, 2023. ECF No. 40.

3

## II. JANE DOE'S MOTIONS FOR EXTENSION OF TIME (ECF Nos. 32 & 34)

In these motions, Jane Doe asked for more time to respond to the U.S. Attorney General's motion to dismiss. She asserted that lead counsel, Mr. David Shaffer, was experiencing severe health issues, anticipated the need for surgery, and was physically unable to continue working. She added that Mr. Shaffer secured a substitute attorney for her—but that that attorney, Ms. D'Agostino, needed time to apply for admission to practice before this Court and to familiarize herself with the case. The U.S. Attorney General concurred with her request, but John Smith opposed it. ECF No. 35.

District courts "enjoy broad discretion in matters of pretrial management, scheduling, and docket control." *Kimble v. Hoso*, 439 F.3d 331, 336 (6th Cir. 2006). Reports of serious and debilitating health issues experienced by counsel are often sufficient to establish good cause for extensions. *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 75 (6th Cir. 1994). Since filing her motions seeking extensions, however, Jane Doe submitted a response to the U.S. Attorney General's motion to dismiss. Accordingly, the requests for extensions—and John Smith's opposition to them—are **DENIED as moot.**

## III. JOHN SMITH'S MOTION TO DISMISS FOR LACK OF PROSECUTION (ECF No. 37)

John Smith contends that Jane Doe's delay in filing a response to the U.S. Attorney General's motion to dismiss warrants dismissal of her

4

case in its entirety. According to John Smith, the delay is "stubbornly disobedient and willfully contemptuous conduct." He asserts that it affects him in a "substantial and prejudicial way," as it "increas[es] the costs of his defense and prolong[s] the uncertainty occasioned by the malicious, scandalous, and baseless accusations the Plaintiff has lodged against him." The U.S. Attorney General takes no position on this motion. Jane Doe retorts that there are no grounds for dismissal as the delay was occasioned by lead counsel's worsening health.

Federal Rule of Civil Procedure 41(b) empowers district courts to dismiss claims for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 1999). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30. Before dismissing a case for failure to prosecute, however, the Court needs to consider "whether: 1) the failure to cooperate with the court's orders was willful or in bad faith; 2) the opposing party suffered any prejudice; 3) the party was warned that dismissal was contemplated; and 4) less severe sanctions were imposed or considered." *Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001).

None of these factors favors dismissal.

*First*, the Court cannot find that Jane Doe's delay in responding to the U.S. Attorney General's motion to dismiss was either willful or in

bad faith. As she has explained, lead counsel in her case is suffering health issues so serious that he is physically unable to continue working. This circumstance adequately excuses the delay, and Jane Doe has kept the Court apprised of developments in the status of her representation—including her search for a substitute attorney and that attorney's progress in familiarizing herself with the case. This is a far cry from "stubbornly disobedient and willfully contemptuous conduct."

*Second*, any prejudice John Smith has suffered because of the delay is negligible. He incurred no costs while the U.S. Attorney General's motion remained outstanding, save for those he caused by deciding to oppose Jane Doe's amended request for an extension of time to respond and filing this motion. And it cannot be said that the brief period of delay occasioned by Jane Doe's need to find a new attorney impacted the availability of critical evidence.

*Third*, Jane Doe did not receive any warning from the Court that the missed deadline would result in dismissal. And when John Smith filed his motion to dismiss for lack of prosecution based on the missed deadline, she responded promptly.

*Finally*, the Court sees no need for either dismissal or a lesser sanction at this juncture. As discussed above, the state of Mr. Shaffer's health and Ms. D'Agostino's need to familiarize herself with the case amply excuse the single deadline she has missed.

6

Accordingly, John Doe's Motion to Dismiss for Lack of Prosecution is **DENIED**. While the Court recognizes that litigation causes uncertainty, the claims are serious, and the process can be protracted, this Court has a long-standing policy preference for resolving claims on their merits. The Court urges counsel to work productively together and avoid needlessly consuming judicial resources with motions such as these. Under Local Rule 7.1(a)(3), needlessly aggressive behavior, like opposing reasonable requests for extension, may result in costs being taxed. And frivolous and legally unreasonable arguments may incur penalties. *Berwick Grain Co., Inc. v. Illinois Dep't of Agriculture*, 217 F.3d 502, 504 (7th Cir. 2000).

By the same token, the Court is aware of the lengthy history of the claims in this case and urges Ms. D'Agostino to do everything in her power to prosecute it diligently.

### IV. MOTION TO WITHDRAW FROM REPRESENTATION (ECF No. 38)

Ms. Darcie Brault seeks to withdraw as Jane Doe's Counsel. She says that she was retained by Mr. Shaffer as his local counsel, and that the co-counsel agreement was specific to his firm. Because Mr. Shaffer is unable to continue working on the case, she says, he is unable to fulfill the requirements of the co-counsel agreement.

An attorney's appearance in this District continues until the entry of a final order or judgment or the entry of a withdrawal or substitution

7

order. L.R. 83.25(b). A decision to allow counsel to withdraw is at the discretion of the Court. When considering withdrawal requests, courts turn to the Model Rules of Professional Conduct for guidance. *King v. Curtis*, 610 F. App'x 534, 537 (6th Cir. 2015).

As relevant here, Model Rule 1.16(b) permits a lawyer to withdraw from representing a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> 
> …
> 
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
> 
> (7) other good cause for withdrawal exists.

These rules stop short of guaranteeing a right to withdraw, but they presume that withdrawal is permissible if the rule requirements are satisfied. *Brandon v. Blech*, 560 F.3d 536, 538 (6th Cir. 2009).

Ms. Brault satisfies the criteria for withdrawal under these rules. Her withdrawal can be accomplished without material adverse effects on Jane Doe's interests, as Jane Doe has retained a new lead attorney who filed responses to all motions that were outstanding when she first appeared. And there is no question that Mr. Shaffer's inability to continue as an attorney on the case renders the representation more burdensome than was contemplated by the co-counsel agreement. The Court therefore concludes that good cause exists for the withdrawal, and that Ms. Brault's withdrawal at this juncture is appropriate.

8

Two matters remain.

*First*, given the representations across multiple filings that he is physically unable to continue the practice of law on account of his worsening health, Mr. Shaffer will be terminated as an attorney of record in this case.

*Second*, Local Rule 83.20(f)(1) typically requires attorneys who are not active members of the Michigan State Bar to specify local counsel with an office in the district. Ms. D'Agostino, Jane Doe's new lawyer, does not appear to be a Michigan State Bar member—nor has she properly applied to the Court to waive the requirement that she secure local counsel. But, for now, the Court will waive the requirements of Local Rule 83.20(f)(1), subject to reconsideration as the case progresses.

## V. CONCLUSION

For the reasons above, Jane Doe's Motions for Extension of Time (ECF No. 32 & 34) will be **DENIED AS MOOT**. The Motion to Dismiss for Lack of Prosecution (ECF No. 37) will be **DENIED**, and Ms. Brault's Motion to Withdraw (ECF No. 38) will be **GRANTED.** Mr. Shaffer is terminated as an attorney of record for Jane Doe, and Ms. D'Agostino may proceed without local counsel subject to reconsideration as the case progresses.

**IT IS SO ORDERED**, this 5th day of January, 2024.

BY THE COURT:

/s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge